FILED
2014 Oct-17  PM 04:30
U.S. DISTRICT COURT
N.D. OF ALABAMA


## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 4:10-CV-2205-VEH** |
| ) | |
| **CERTAIN REAL PROPERTY** ) | |
| **LOCATED AT MCVILLE ROAD,** ) | |
| **ALBERTVILLE, ALABAMA,** ) | |
| **CONSISTING OF THREE(3)** ) | |
| **ADJACENT PARCELS,** ) | |
| **TOGETHER WITH** ) | |
| **IMPROVEMENTS, FIXTURES,** ) | |
| **AND APPURTENANCES** ) | |
| **THEREON,** ) | |
| ) | |
| **Defendant.** ) | |

---

### MEMORANDUM OPINION

### I.      Introduction and Procedural History

Plaintiff initiated this civil forfeiture action over 4 years ago on August 13,

2010. (Doc. 1). This case was reassigned to the undersigned on October 7, 2014.

(Doc. 12). Prior to this reassignment, Plaintiff had filed a status report (Doc. 11) on

December 26, 2013, which indicated that it needed additional time to explore whether

a settlement of this matter was feasible. (*See id.* at 3 ¶ 4 ("Based upon the foregoing,

the plaintiff requests an additional sixty (60) days to obtain a current appraisal and

then advise the Court as to the likelihood of settlement or the need for a status conference.")).

In the absence of any update from Plaintiff in over 9 months since its last filing, on October 9, 2014, the court ordered Plaintiff to provide "a <u>substantive</u> status report to the court, no later than October 14, 2014, which either indicates that a settlement has been reached or alternatively details how this civil forfeiture case will proceed to final judgment on or before March 1, 2015." (Doc. 13 at 2 (emphasis in original)). Plaintiff neither met this deadline nor requested an extension of time.

In light of Plaintiff's flagrant disregard of the status report order, the court followed with a show cause order (Doc. 15) entered on October 15, 2014, requiring Plaintiff to show cause no later than 12:00 p.m. on October 17, 2014, why this civil forfeiture case should not be dismissed on account of Plaintiff's failure to prosecute. (*Id.* at 2). Once again, Plaintiff has neither adhered to this deadline nor requested an extension of time in which to do so.

## II.    Analysis

Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Further, case law reinforces that, as a result of Plaintiff's failure to comply with either the status report or the show

2

cause order, the court possesses the inherent power to dismiss this case *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders).

Against this legal backdrop, Plaintiff's pattern of offensive non-compliance with the undersigned's orders upon reassignment, means that it has foregone the opportunity to further pursue this civil forfeiture action against Defendant. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an abuse of discretion." (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982))).

Moreover, Plaintiff's trail of omissions makes it extremely doubtful that it would respond in any meaningful way to some lesser sanction. *Cf. Phipps v. Blakeny*, 8 F.3d 788, 790-91 (11th Cir. 1993) ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Accordingly, this case is due to be dismissed <u>with prejudice</u> *sua sponte* based upon Plaintiff's failure to comply with multiple orders and to otherwise prosecute this case in conformance with the Federal Rules of Civil Procedure.[1] *See, e.g.*, Fed. R. Civ. P. 1 ("[These rules] should be construed and administered to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

## III.   Conclusion

Therefore, consistent with the above procedural history and analysis, the court will enter a separate final judgment order dismissing this proceeding with prejudice.

**DONE** and **ORDERED** this 17th day of October, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[1] The use of the court's *sua sponte* dismissal power is particularly appropriate here given the *in rem* nature of this proceeding.

4